Víctor Torres, peticionario, *v.* Tribunal Superior de Puerto Rico, Sala de San Juan, Hon. Manuel A. Moreda, Juez, recurrido; San Juan Finance Company, interventora.

*Número:* C-66-8      *Resuelto:* 5 de mayo de 1967

*A. De Jesús Matos* y *R. De Jesús Cintrón,* abogados del peticionario; *Benicio Sánchez Castaño, Benicio Sánchez Rivera,*

*Carlos Roberto Vélez* y *Ana R. Rodríguez Olazagasti*, abogados de la interventora.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Dávila y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

La San Juan Finance Company, como cesionaria de un contrato de venta condicional en virtud del cual Hull Dobbs Co. of Puerto Rico, Inc., vendió a Juan Toledo Alicea el automóvil Ford, modelo 1964, Custom 500 Fordor, motor número 4E52V-197129, instó acción judicial con el propósito de obtener la restitución de dicho vehículo, alegando el incumplimiento de los términos del contrato. Previa la prestación de una fianza obtuvo una orden para embargar el automóvil descrito. El embargo no pudo realizarse por ser imposible localizarlo. Posteriormente la demandante obtuvo una orden de restitución que por las mismas razones fue diligenciada negativamente.

La demandante radicó entonces una moción solicitando que se citase a Juan Toledo Alicea y a Víctor Torres para que comparecieran ante el Tribunal a mostrar causas por las cuales no deberían ser condenados por desacato ya que con su conducta estaban impidiendo que se ejecutasen las órdenes de embargo y de restitución dictadas por el Tribunal.

Se celebró una vista a la cual comparecieron las partes representadas por abogado y ofrecieron prueba documental y testifical. Por el resultado de dicha prueba el Tribunal formuló las siguientes conclusiones de hecho:

"1.—Juan Toledo era dueño de un automóvil Ford, modelo de 1961. Este automóvil podía ser utilizado para la transportación pública de pasajeros mediante el correspondiente permiso de la Comisión de Servicio Público de Puerto Rico. Negoció su automóvil a Víctor Torres a cambio de otro Ford, modelo de 1963,

pero con tablillas privadas. Las partes convinieron en que la licencia del público no estaba incluída en el negocio, comprometiéndose Víctor Torres a hacer las gestiones necesarias para que la Comisión de Servicio Público hiciere el correspondiente traspaso de la licencia a favor del Ford de 1963.

"2.—Una vez en posesión del carro Ford, modelo 1961, Víctor Torres se presentó en el local de negocios de Hull Dobbs Co. of Puerto Rico, Inc. acompañado de una persona desconocida, pero a quien se hizo pasar con el nombre de Juan Toledo, y allí obtuvo el automóvil Ford, modelo de 1964 y que es objeto de este caso, dando como pronto pago el Ford, modelo 1961.

"3.—Víctor Torres entró en posesión del automóvil nuevo reteniendo dicha posesión por algún tiempo.

"4.—Al acercarse a Víctor Torres en gestiones de cobro un representante de la compañía demandante, ya que no se había pagado ni el primer plazo de la deuda, Torres aceptó estar en posesión del automóvil, pero cuando se le visitó por segunda vez alegó haberlo vendido y no saber quién era la persona que lo tenía ni el sitio donde podía encontrarse el automóvil.

"5.—Concluímos como cuestión de hecho que Víctor Torres, a sabiendas de que no se estaba cumpliendo con el contrato de venta condicional y previendo una acción reposesoria, ha ocultado o dispuesto del automóvil con el fin calculado de evitar que pueda darse cumplimiento a las órdenes de embargo y/o restitución dictadas por este Tribunal."

Basándose en estas conclusiones y en otras de derecho, el Tribunal dictó la siguiente:

"Sentencia

A base de las conclusiones de hecho y de derecho formuladas en el día de hoy y las cuales se hacen formar parte de esta sentencia, se declara a Víctor Torres incurso en el delito de desacato por ocultar maliciosamente el automóvil Ford, modelo 1964, Custom 500 Fordor, motor número 4E52V-197129, para impedir que el mismo pueda ser embargado conforme a la orden expedida por este Tribunal, y, en su consecuencia, se ordena al Alguacil

que proceda a arrestarlo e ingresarlo en la Cárcel de Distrito hasta tanto le haga entrega del automóvil antes descrito. En cuanto a Juan Toledo se le exonera de toda responsabilidad."

Expedimos un auto de *certiorari* para revisar la referida sentencia y en auxilio de nuestra jurisdicción ordenamos que el peticionario Víctor Torres fuera puesto en libertad en caso de que estuviera encarcelado y hasta tanto se resolviera este recurso.

El peticionario señala la comisión de cuatro errores. Por el primero sostiene que fue condenado por desacato civil "en ausencia de prueba determinativa de que estuviera en posesión del vehículo al momento de emitirse el mandamiento de arresto o de que lo hubiese poseído en cualquier momento antes de su expedición."

El error no fue cometido. Las conclusiones de hecho formuladas por el Juez sentenciador están ampliamente sostenidas por la prueba.

El mayor conflicto en la prueba versó sobre quién era el verdadero comprador del Ford de 1964 y el juez sentenciador dirimió el conflicto ejercitando sanamente su discreción, resolviendo que lo era el peticionario Víctor Torres, quien usó un testaferro para firmar el contrato de venta condicional haciéndose éste pasar fraudulentamente por Juan Toledo Alicea, a cuyo nombre aparecía la licencia del vehículo de 1961 que fue tomado a cuenta en la transacción de venta del Ford de 1964. La prueba fue también conflictiva en cuanto a si el agente de la Hull Dobbs que hizo el negocio, sabía al momento de efectuarse el mismo, que el supuesto comprador del Ford de 1964 no era Juan Toledo Alicea, pero ese conflicto fue resuelto también en contra del peticionario. Hay suficiente prueba en el récord para sostener que el peticionario tomó posesión y estuvo en posesión del automóvil Ford de 1964 cuya restitución se ordenó por el tribunal.

■ En el segundo error se señala que el mandamiento de arresto es nulo porque no contiene la fecha y lugar de la comisión del desacato.

Es innecesaria la discusión de este error. Se recordará que en virtud de nuestra resolución en auxilio de nuestra jurisdicción ordenamos que el peticionario fuera puesto en libertad de estar encarcelado y que en su virtud el mandamiento de encarcelación quedó sin efecto y que de confirmarse la sentencia por desacato deberá expedirse un nuevo mandamiento de encarcelación.

■ El tercer señalamiento de error carece de méritos. El Tribunal a quo actuó con jurisdicción sobre la persona del peticionario. El procedimiento de restitución se inició contra Juan Toledo Alicea quien figuraba en el contrato como comprador condicional. El hecho de que posteriormente se incluyera al peticionario Víctor Torres como codemandado y no se le emplazara, no impedía al Tribunal citarle por desacato si su conducta constituía una obstinada desobediencia u oposición intentada o realizada contra cualquier decreto del Tribunal. *Dubón* v. *Casanova*, 65 D.P.R. 835 (1946).

■ En el cuarto y último error señala el peticionario que no se le dio oportunidad para que ofreciera en evidencia la prueba que hubiera aportado el codemandado Juan Toledo.[1] Del récord del caso surge que el juez de instancia dio al peticionario todas las oportunidades posibles para que produjera el vehículo objeto del procedimiento y para que presentara cualquier prueba conducente a su exoneración del desacato.

La vista de la moción de desacato se celebró el día 5 de marzo de 1965, después de haberse suspendido en dos ocasiones, una de ellas porque los demandados comparecieron sin abogado. Al terminarse la presentación de la prueba por

---

[1] El demandado Juan Toledo, no ofreció aportar prueba alguna. Fue el peticionario Torres quien presentó una moción alegando que había descubierto nueva prueba.

ambas partes el tribunal concedió al peticionario Torres hasta el día 2 de abril siguiente para que hiciera gestiones para localizar el vehículo. A petición del abogado de Torres se suspendió la vista del 2 de abril para el día 19 del mismo mes. En dicha fecha Torres evidentemente no localizó ni hizo entrega del automóvil por lo que el Tribunal procedió a resolver la moción de desacato dictando la sentencia copiada al principio de esta opinión. Dicha sentencia fue notificada a Torres el día 21 de abril de 1965.

El día 10 de junio del mismo año, Torres radicó una moción sobre nulidad de sentencia. En esencia atacó la jurisdicción del Tribunal para dictar la sentencia fundándose en que el peticionario no fue parte en la acción original de Reposesión. Como remedio alternativo solicitó en dicha moción que se dejara sin efecto la sentencia de desacato porque había descubierto nueva prueba consistente en que otra persona logró una licencia de vehículo público para el Ford de 1964 ante la Comisión de Servicio Público; que el vehículo circuló como taxi por las carreteras de Puerto Rico, siendo su dueño un tal Rafael Navarro, quien lo desmanteló u ordenó que se desmantelara; que Navarro le amenazó de muerte con un revólver porque el peticionario iba a revelar que un huésped de Navarro llamado Jesús Risco y quien era un prófugo de la justicia, fue la persona que compró el vehículo; que Navarro le cedió un empleado para hacer la búsqueda del chasis del vehículo en el sitio donde había sido desmantelado y que había dado cuenta de esos hechos a la policía.

En consideración a las alegaciones expuestas en esa moción sobre nulidad de sentencia, el Tribunal ordenó en 10 de junio de 1965 la suspensión de la ejecución del mandamiento de arresto por desacato, pendiente a oir a las partes sobre los méritos de la moción y señaló una vista para el 17 del mismo mes. Esta vista se transfirió para el día 7 de julio siguiente y luego para el día 28 del mismo mes. A esta vista

no compareció el peticionario Torres ni su abogado y el Tribunal procedió a declarar sin lugar la moción sobre nulidad de sentencia y ordenó la ejecución del mandamiento de encarcelación.

En agosto de 1965 el peticionario radicó una moción solicitando se dejase sin efecto la resolución del 28 de julio alegando que ese día su abogado se encontraba recluido en el Auxilio Mutuo sufriendo de una intoxicación. El mismo día 6 de agosto el Tribunal dejó sin efecto su referida resolución del 28 de junio y señaló la vista de la moción sobre nulidad de sentencia para el 13 de agosto. En dicha fecha comparecieron las partes y argumentaron la moción. El Tribunal le concedió al peticionario Torres hasta el día 20 de agosto para unir la nueva evidencia que alegaba haber descubierto. La única prueba unida al expediente por el peticionario fue una declaración jurada suya donde exponía los mismos hechos alegados en la moción sobre nulidad de sentencia.

En vista de ello el Tribunal dictó resolución declarando finalmente sin lugar la susodicha moción y ordenó la ejecución del mandamiento de encarcelación.

Hemos relatado todos los anteriores incidentes para que se vea cuán injustificada es la imputación que se hace al juez sentenciador de no haberle dado oportunidad al peticionario para presentar la nueva prueba descubierta por él.

El error no fue cometido.

*Por los motivos consignados se anulará el auto de certiorari expedido y se devolverá el caso para ulteriores procedimientos.*